IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-12-1114 |
| | § | |
| WARDEN BILLY HIRSCH and | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION
ON MOTION TO DISMISS**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #12). In this case, Duane Fisher ("Plaintiff," "Fisher"), proceeding *pro se*, complains that his former employers, Warden Billy Hirsch ("Hirsch") and the Texas Department of Criminal Justice ("TDCJ") (collectively, "Defendants"), discriminated against him due to his disability, and retaliated against him for seeking information on matters relevant to his employment. Pending before the court is Defendants' motion to dismiss for failure to state a claim. (Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ["Motion"], Docket Entry #20). On August 1, 2012, the court entered a memorandum and recommendation to grant that motion, agreeing with Defendants that Plaintiff filed his case out of time. (Docket Entry #23). Plaintiff filed objections to the court's recommendation, and, for the first time, submitted evidence to the court that shows that he timely filed this action. (Answering August 1, 2012 Memorandum and Recommendation on Motion to Dismiss and File Amendment of Claim

["Objections"], Docket Entry #24).  Having reviewed the pleadings and the applicable law, it is RECOMMENDED that Defendants' motion to dismiss be DENIED.

**Background**

Plaintiff Duane Fisher was an employee of the Texas Department of Criminal Justice at all times relevant to this lawsuit.  (Original Complaint ["Complaint"], Docket Entry #1, at Exhibit ["Ex."] 1).  Fisher claims that he suffers from Tourette's syndrome,[1] and that he was "continually harassed and discriminated against" at work because of that disability.  (Charge of Discrimination ["Charge"], Docket Entry #1, at 3).  Fisher complains, as well, that Defendants committed him to a TDCJ mental hospital in September 2009, and later retaliated against him for seeking information about why they had done so.  (*Id.*; Complaint at 1).  Plaintiff believes that he was committed so that he would be forced to undergo drug testing.  (*Id.*; Charge at 3).  He explains that one of his co-workers "had lost his narcotics," and Defendants "suspected [that he] had stolen them." (*Id.*).  Fisher contends that he was criticized and disciplined regularly for things he did not do.  (*Id.*; Complaint at 1-2).  He claims that this discipline was motivated by either discrimination due to his disability, or in retaliation for his attempts to get information about his commitment.  (*Id.*; Charge at 3).  Fisher further complains that his supervisors were "trying to cause [his] termination in order to deny [him his] retirement," which was to occur on April 14, 2011.  (*Id.*).  Fisher was terminated from TDCJ before he filed this lawsuit.  (Civil Cover Sheet, Docket Entry #1, at Ex. 2).

---

[1] "Tourette's syndrome," also called "Gilles de la Tourette's syndrome," is defined as "an abnormal condition characterized by facial grimaces, tics, and involuntary arm and shoulder movements." MOSBY'S MEDICAL, NURSING, & ALLIED HEALTH DICTIONARY 690 (5th ed. 1998).

However, on July 21, 2010, while he was still employed, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Charge at 3). In his charge, Fisher claimed that he was being discriminated against because of his disability, Tourette's syndrome, and that he was also the victim of retaliation. (*Id.*). On December 20, 2011, the EEOC issued Fisher a right-to-sue letter. (Notice of Right to Sue ["Notice"], Docket Entry #1, at 6). The letter informed Fisher that, if he "cho[se] to commence a civil action, such suit must be filed in the appropriate Court within 90 days of [his] receipt of this Notice." (*Id.*). According to the docket sheet, Plaintiff filed this lawsuit on April 10, 2012. (See Docket Entry #1).

On July 12, 2012, Defendants filed a motion to dismiss this lawsuit as untimely. (Motion at 2-3). Defendants contend that Plaintiff had until March 27, 2012, at the latest, to file a suit in federal court. (*Id.* at 2). Defendants argue that, because Plaintiff did not file this lawsuit until April 10, 2012, his action is outside of that period, and it must be dismissed. After a review of the pleadings and the applicable law, the court recommends that Defendants' motion to dismiss be denied.

**Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Limitations periods "may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.* 339 F.3d 359, 366 (5th Cir. 2003); *see Nationwide*

3

*Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007). In considering a Rule 12(b)(6) motion, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *accord In Re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). The court, however, need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *accord Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). The standard of plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678-79; *accord Wilson*, 667 F.3d at 600. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

**Discussion**

In their motion to dismiss, Defendants contend that Plaintiff's claims are barred because they were filed more than ninety days after Fisher received his right-to-sue letter from the EEOC. (Motion to Dismiss at 3-4). Claims brought under many anti-discrimination laws, including Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA"), must be filed "no more than ninety days after [the party] receives statutory notice of [his] right to sue from the EEOC." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009); *see* 42 U.S.C. § 2000e-5(f)(1) (Title VII), § 12117(a) (ADA). This ninety-day period is "'strictly construed' and is 'a precondition to filing suit in district court.'" *Duron*, 560 F.3d at 290 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). Courts within the Fifth Circuit "have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 379; *see Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239-40 (5th Cir. 2010); *Washington v. City of Gulfport, Miss.*, 351 Fed. Appx. 916, 919 (5th Cir. 2009); *Morgan v. Potter*, 489 F.3d 195, 196-97 (5th Cir. 2007); *Bowers v. Potter*, 113 Fed. Appx. 610, 612-13 (5th Cir. 2004). As a rule, the ninety-day period of limitations "begins to run on the date that the EEOC right-to-sue letter is received." *Taylor*, 296 F.3d at 379.

Here, Plaintiff has now produced a copy of the envelope which contained the right-to-sue letter. (Objections at 2 and Exhibits). It is postmarked as sent on January 13, 2012. (*Id.*). Although Fisher should have presented this evidence along with his response to the motion to dismiss, the court will consider it in deference to Fisher's *pro se* status. *See Propes v.*

*Quarterman*, 573 F.3d 225, 228, 231 (5th Cir. 2009). Even with this new evidence, however, the date on which Plaintiff received the letter from the EEOC remains unknown. (Objections at 2-3). The Fifth Circuit has recognized that, "[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *Banks v. Rockwell Intl N. Am. Aircraft Opers.*, 855 F.2d 324, 326 (6th Cir. 1988)). In this case, the right-to-sue letter was mailed to Plaintiff on January 13, 2012. (*See* Notice at 6). Applying the stricter three-day presumption, Fisher had until April 16, 2012, to file his lawsuit. The docket sheet reveals that Plaintiff filed this lawsuit on April 10, 2012. (Docket Entry #1). Under these circumstances, it appears that Plaintiff filed suit in a timely fashion, within ninety days of receipt of the statutory notice of his right to sue. *See Duron*, 560 F.3d at 290. As a result, the court recommends that Defendants' motion be denied.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendants' motion be **DENIED**.

The Clerk of the Court shall send copies of this amended memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 17th day of August, 2012.

_____
MARY MILLOY
UNITED STATES MAGISTRATE JUDGE